## TERMINATION OF GUARDIANSHIP.

Circuit Court of Lucas County.

BENJAMIN F. RENO v. GEORGE R. LOVE ET AL.*

Decided, December 2, 1911.

*Guardian and Ward—Attempt by Ward to Usurp Prerogative of Guardian—Discharge of Insane Patient from Hospital Does Not Terminate Guardianship—Presumption as to Jurisdiction of Probate Court.*

The discharge of a patient from a hospital for the insane neither vacates an order of the probate court appointing a guardian for said patient, nor provides a basis for impeaching the appointment in a reviewing court, in the absence of an affirmative showing in the record of resignation or discharge; and where the patient subsequent to his release from the hospital files an action in his own name for damages against those who procured his incarceration, it is not error on the part of the court in which the action was brought to substitute the guardian as the party plaintiff and permit him to dismiss the action.

*Benjamin F. Reno*, in person.

*C. S. Northup*, for the defendants served with process except defendants Chambers and Hurlbut.

KINKADE, J.

Mr. Reno brought an action in the court of common pleas against a large number of defendants to recover damages for his illegal arrest and illegal confinement for over four years in the Toledo State Hospital for the insane. Some of the defendants were state officials, some were county officials and all were charged with having conspired and combined to accomplish the arrest and imprisonment mentioned.

One of the defendants filed a motion in the case asking the court to substitute Thomas Biddle, guardian of Mr. Reno, as plaintiff. This motion was heard and granted. Mr. Biddle

*Affirmed without opinion, *Reno* v. *Love et al*, 88 Ohio State, 623.

thereupon dismissed the action. Reno objected to the substitution and dismissal of the action and preserved his exception in due form. He now files a petition in error, with bill of exceptions containing all the evidence heard on the motion, in this court to reverse the judgment of the court of common pleas in dismissing the action.

The trial court on hearing the motion had before it the affidavit of Mr. Reno and the testimony of two physicians, both of whom said Mr. Reno was insane. The trial judge stated the question of the plaintiff's sanity or insanity was not an issue on the hearing of the motion, and that the only question before the court was whether the Probate Court of Lucas County had, before the commencement of the present action, appointed Mr. Biddle as guardian of Mr. Reno, and whether this guardianship had been terminated in any manner provided by law. Thereupon Mr. Reno, as shown by the bill of exceptions, admitted in open court that the records of the Probate Court of Lucas County, Ohio, did show that Mr. Biddle had been appointed by that court as his guardian prior to the filing of the petition in this case, and that said records did not show that such guardian had resigned or had been discharged by the probate court. At the same time Mr. Reno informed the trial court that the records of said probate court also showed that prior to the beginning of this action, he had been discharged from the state hospital for the insane. Thereupon the order of substitution and dismissal was made.

The plaintiff in error claims that the evidence before the trial court as shown in the bill of exceptions failed to show affirmatively that the probate court had jurisdiction over his person when the appointment of Biddle as his guardian was made, and hence he was at liberty in this action, although admitting as he did that the records of the probate court did show the appointment, to treat the action of the probate court as a nullity and wholly disregard it. He further contends that even if this proposition be not correct, still his guardian was discharged by reason of his own discharge from the hospital and hence the guardianship no longer had any force.

We can not agree with either of these propositions. His discharge from the hospital could not of itself terminate the guardianship. The guardian may have been appointed on grounds other than those on which Mr. Reno was sent to the hospital, but whether this be so or not, a discharge from the hospital can not be held as vacating the order of the probate court appointing the guardian. Section 11010, General Code, which corresponds with Section 6311, Revised Statutes, provides the manner in which guardians may be discharged and reads as follows:

"Section 11010. When the probate judge is satisfied that an idiot, imbecile, or lunatic, or a person as to whom guardianship has been granted as such, is restored to reason, or that letters of guardianship have been improperly issued, he shall make an entry upon the journal that such guardianship terminate. Thereupon it shall cease, and the accounts of the guardian be settled by the court."

The position taken here in argument that the judgment and orders of the probate court are not attended by the presumption that the court had jurisdiction to enter them (nothing to the contrary appearing in the record), and that the judgments and orders of the probate court may be collaterally impeached, is equally untenable. The law of Ohio on this subject is clearly stated in the case of *Shroyer* v. *Richmond*, 16 Ohio St., 455. I quote paragraphs six and seven of the syllabus:

"6. The probate courts of this state are, in the fullest sense, courts of record; they belong to the class whose records import absolute verity, that are competent to decide on their own jurisdiction, and to exercise it to final judgment, without setting forth the facts and evidence on which it is rendered.

"7. Hence, an order appointing a guardian, made by a probate court, in the exercise of jurisdiction, can not be collaterally impeached. The record showing nothing to the contrary, it will be conclusively presumed, in all collateral proceedings, that such order was made upon full proof of all the facts necessary to authorize it."

The Supreme Court has several times followed this decision. See *Hoffman* v. *Fleming*, 66 Ohio St., 163; *Fisher* v. *Lanning*,

76 Ohio St., 189, 198; *Union Sav. Bank & Tr. Co.* v. *Telegraph Co.,* 79 Ohio St., 89, 100.

The admission in open court by Mr. Reno, as shown in the bill of exceptions, fully justified the court in ordering the substitution of Biddle as plaintiff in the action. This being true, it follows there was no prejudicial error in allowing Mr. Biddle to dismiss the action. We express no opinion on any other matter involved in the action as brought. The judgment of the court of common pleas will be affirmed.

WILDMAN, J., and RICHARDS, J., concur.